J-S44027-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | |
|---|---|
| IN RE: ESTATE OF KEITH B. KOZEL | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: KEVIN J. KOZEL | |
| | No. 1383 EDA 2024 |

Appeal from the Order Entered April 4, 2024
In the Court of Common Pleas of Northampton County Orphans' Court at
No(s):  22-1509

BEFORE:  NICHOLS, J., MURRAY, J., and LANE, J.

MEMORANDUM BY MURRAY, J.:                    **FILED JANUARY 09, 2025**

Kevin J. Kozel (Appellant) appeals from the orphans' court's order granting the petition to revoke letters of administration filed by Lillian J. Kozel (Lillian) and Amy Kozel (Amy), as parent and natural guardian of D., Amy's minor daughter.  We affirm.

The orphans' court summarized the factual and procedural background underlying this appeal:

> On or about September 28, 2022, Keith Kozel [(Decedent)] perished in a plane crash at the age of 49. … He was survived by two minor children, Lillian and D.[;] his mother and father, Kenneth and Kathleen Kozel[;] and [three] brothers, Kenneth F. Kozel, Jason Kozel, and [Appellant].  At the time of [Decedent's] death, Lillian and D.[] were 17 and 14 years old, respectively. … Decedent was divorced at the time of his death.  Decedent and Amy[,] the biological mother of Lillian and D.[], were divorced on November 1, 2018. … Decedent died intestate.
>
> [Appellant] filed an initial Petition for Letters of Administration which failed to list Lillian or D.[] as heirs [of]

Decedent. [Appellant filed a second] Petition on October 7, 2022[,] naming both daughters as heirs. Renunciations in favor of [Appellant] were filed by both [of Decedent's parents,] Kenneth and Kathleen Kozel. On October 7, 2022, the Register of Wills [(Register)] granted Letters of Administration to [Appellant], based on [his] second Petition. This second Petition was filed within nine (9) days of Decedent's death[. N]o renunciations were filed with the Register … on behalf of Lillian [or] D.[]

On August 25, 2023, Lillian [(who had by then reached the age of majority)] and Amy [], as parent and natural guardian of D.[], … filed a Petition to Revoke *Ab Initio* Letters of Administration Pursuant to 20 Pa.C.S.A. § 3181(a). [Lillian and Amy] averred [that] the letters granted to [Appellant] should be revoked because [Appellant's] Petition was premature under the [Probate, Estates, and Fiduciaries (PEF)] Code[,] and [the letters] were granted without notice to the only two intestate heirs. [Appellant] vehemently opposed these contentions. [On April 3, 2024, a]fter [a] hearing [and] oral argument[], … the [orphans' c]ourt ultimately revoked the letters granted to [Appellant,] based upon the Register's abuse of discretion.

Orphans' Court Opinion, 7/22/24, at 1-2 (footnotes and record citations omitted). On the same date, the orphans' court granted letters of administration to David Bogdan, Esquire, the nominee of Lillian and Amy. *Id.* at 4; *see also* Order, 4/3/24. Appellant filed a timely notice of appeal.

Initially, we address Appellant's and the orphans' court's compliance with Pa.R.A.P. 1925. On April 23, 2024, the orphans' court entered an order directing Appellant to file a Rule 1925(b) concise statement within 21 days. Appellant filed his concise statement on May 17, 2024, after the expiration of the 21-day period. Ordinarily, an untimely-filed concise statement results in waiver of all issues for appellate review. *See J.P. v. S.P.*, 991 A.2d 904, 908 (Pa. Super. 2010). However, "[i]n determining whether an appellant has

waived his issues on appeal based on non-compliance with Pa.R.A.P. 1925, **it is the trial court's order that triggers an appellant's obligation under the rule**…. [T]herefore, we look first to the language of that order." *In re Estate of Boyle*, 77 A.3d 674, 676 (Pa. Super. 2013) (emphasis added) (quoting *Berg v. Nationwide Mut. Ins. Co.*, 6 A.3d 1002, 1007-08 (Pa. 2010)). We will not deem an appellant's issues waived where the trial court's Rule 1925(b) order is deficient. *Rahn v. Consol. Rail Corp.*, 254 A.3d 738, 745 (Pa. Super. 2021).

> Rule 1925(b)(3) provides that
>
> [t]he judge's order directing the filing and service of a Statement shall specify:
>
>> (i) the number of days after the date of entry of the judge's order within which the appellant must file and serve the Statement;
>>
>> (ii) that the Statement shall be filed of record;
>>
>> (iii) that the Statement shall be served **on the judge** pursuant to paragraph (b)(1) and **both the place the appellant can serve the Statement in person and the address to which the appellant can mail the Statement**. In addition, the judge may provide an email, facsimile, or other alternative means for the appellant to serve the Statement on the judge; and
>>
>> (iv) that any issue not properly included in the Statement **timely filed and served pursuant to subdivision (b)** shall be deemed waived.

Pa.R.A.P. 1925(b)(3) (emphasis added).

In *Rahn*, we determined the trial court's order directing the appellant to serve the concise statement on "the court" failed to satisfy the requirement

that the order direct the appellant to serve the statement on "the judge." *Rahn*, 254 A.3d at 746 (citing *Commonwealth v. Jones*, 193 A.3d 957, 962 (Pa. Super. 2018) (determining the trial court's Rule 1925(b) order was deficient where "the order used the phrase 'the court,' which is ambiguous in that it does not distinguish between the Court of Common Pleas as the court of record and 'the court' in reference to the trial judge.")). We also determined the trial court's order was deficient for failing to "follow the express requirement" of Rule 1925(b)(3)(iii) that the order specify "the place the appellant can serve the Statement in person and the address to which the appellant can mail the Statement." *Id.* at 747.

Here, the orphans' court's Rule 1925(b) order stated:

Appellant is hereby directed to file of record a "Concise Statement of Errors Complained of on Appeal" with the Court no later than twenty-one (21) days from the entry of this Order. The same shall be served on the Court in accordance with Pennsylvania Rule of Appellate Procedure 1925(b)(1). Any issue not properly included in such Statement shall be deemed waived.

Order, 4/23/24. As in *Rahn*, the order directed Appellant to serve the statement on "the Court" rather than "the judge," and failed to specify the place Appellant could serve the statement in person or the address to which he could mail the statement. Additionally, the order did not include the language "timely filed and served pursuant to subdivision (b)" as required under Rule 1925(b)(3)(iv). Therefore, we conclude the order is deficient and did not trigger Appellant's obligation to comply with Rule 1925(b). *See Rahn*,

254 A.3d at 745-47. Accordingly, we will not deem Appellant's issue waived because of his concise statement's untimeliness.[1]

Appellant presents a single issue for our review:

> Whether the [orphans'] court abused its discretion and/or erred as a matter of law in granting the Petition to Revoke Letters of Administration issued to Appellant and ordering new letters be issued to an unrelated third party[,] after finding the Register … abused its discretion in granting letters to [] Appellant without giving notice[,] and in violation of 20 Pa.C.S.[A.] § 3155(c)[,] even though the record showed that notice was provided prior to [the] letters being granted and there was nothing in the record indicating consent was not given[,] which is an exception to the thirty (30) day wait[ing] period?

Appellant's Brief at 3.

We observe the following standard of review:

> When reviewing a decree entered by the orphans' court, this Court must determine whether the record is free from legal error and the court's factual findings are supported by the evidence.

---

[1] Additionally, "[i]f the docket does not show that notice of the entry of a Rule 1925(b) order was provided to an appellant, then we will not conclude that the appellant's issues have been waived for failure to" comply with Rule 1925(b). **In re L.M.**, 923 A.2d 505, 510 (Pa. Super. 2007) (citing **Forest Highlands Cmty. Ass'n v. Hammer**, 879 A.2d 223, 229 (Pa. Super. 2005)). Pennsylvania Orphans' Court Rule of Procedure 4.6 provides that "[t]he clerk shall immediately give written notice of the entry of … [a] court order … to each … interested party," and "shall note in the docket the date when notice was given to the interested party…." Pa.O.C.R.P. 4.6. Here, in his concise statement, Appellant asserted the orphans' court's April 23, 2024, order "was never served on Appellant[,] who learned of its filing only after looking at the record on or around April 29, 2024…." Concise Statement, 5/17/24, at 2 n.1. The certified record includes a Notice of Entry of Court Order dated April 23, 2024, which was signed by the acting clerk of the orphans' court. The Notice states that the acting clerk gave notice of the court's April 23, 2024, order "to the following parties on 04/23/2024:" Notice, 4/23/24. **However, no parties are listed**. Moreover, while a copy of the Notice is included in the certified record, it is not listed on the orphans' court docket.

Because the orphans' court sits as the fact-finder, it determines the credibility of the witnesses and, on review, we will not reverse its credibility determinations absent an abuse of that discretion.

However, we are not constrained to give the same deference to any resulting legal conclusions. … This Court's standard of review of questions of law is *de novo*, and the scope of review is plenary, as we may review the entire record in making our determination.

*In re Estate of Tscherneff*, 203 A.3d 1020, 1024 (Pa. Super. 2019) (citations omitted; some capitalization modified).

Appellant's issue involves the orphans' court's application of 20 Pa.C.S.A. § 3155, which provides, in pertinent part:

**(b) Letters of administration.--**Letters of administration shall be granted by the register, in such form as the case shall require, to one or more of those hereinafter mentioned and, except for good cause, in the following order:

(1) Those entitled to the residuary estate under the will.

(2) The surviving spouse.

(3) Those entitled under the intestate law as the register, in his discretion, shall judge will best administer the estate, giving preference, however, according to the sizes of the shares of those in this class.

(4) The principal creditors of the decedent at the time of his death.

(5) Other fit persons.

(6) If anyone of the foregoing shall renounce his right to letters of administration, the register, in his discretion, may appoint a nominee of the person so renouncing in preference to the persons set forth in any succeeding paragraph.

(7) A guardianship support agency serving as guardian of an incapacitated person who dies during the guardianship administered pursuant to Subchapter F of Chapter 55 (relating to guardianship support).

(8) A redevelopment authority formed pursuant to the act of May 24, 1945 (P.L. 991, No. 385), known as the Urban Redevelopment Law.

**(c) Time limitation.--Except with the consent of those enumerated in paragraphs (1), (2) and (3), no letters shall be issued to those enumerated in paragraph (4), (5) or (8) of subsection (b) until 30 days after the decedent's death.**

20 Pa.C.S.A. § 3155(b)-(c) (emphasis added).

Here, it is undisputed that Lillian and D. are Decedent's only intestate heirs, *see* 20 Pa.C.S.A. § 2103 (intestate share of others than surviving spouse), and Appellant sought letters as an "[o]ther fit person[]" under Section 3155(b)(5).  It is also undisputed that, at the time of Decedent's death, Lillian and D. were not qualified to serve as administrator because they were under 18 years of age.  *See* 20 Pa.C.S.A. § 3156 ("No person shall be qualified to serve as a personal representative who is … [u]nder 18 years of age.").

Appellant acknowledges that, as an "[o]ther fit person[]" under Section 3155(b)(5), the Register could not issue him letters until 30 days after Decedent's death, "[e]xcept with the consent of" Lillian and D., Decedent's intestate heirs.  Appellant's Brief at 17 (citing 20 Pa.C.S.A. § 3155(c)).  Appellant argues the orphans' court's "factual finding" that Lillian and D. had not given consent was unsupported by the evidence.  *Id.* at 18.  Appellant asserts "no testimony or evidence was presented that either of Decedent's children failed to consent to [Appellant] petitioning for Letters of

Administration[,] and the testimony showed Lillian [] was consulted about this prior to letters being issued…." ***Id.***

Appellant points to the following testimony:

Q. [Lillian and Amy's counsel:] And [Appellant] is your uncle?

A. [Lillian:] Yes.

Q. And you're aware that [Appellant] was appointed administrator of your father's estate?

A. Yes.

Q. Did [Appellant] or anyone else consult with you prior to [Appellant] being appointed?

A. I was consulted with and said [*sic*] that it was assigned by my dad.

Q. So you were told that [Appellant] was being appointed?

A. Yes.

N.T., 9/20/23, at 13. Appellant contends "[n]owhere in the record does it indicate consent was not given[,] and the [orphans'] court completely disregarded the fact that [Lillian] was consulted." Appellant's Brief at 18.

Lillian and Amy argue Appellant has waived this issue for appellate review because he did not raise it in the orphans' court. Lillian and Amy's Brief at 15 (citing Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal.")). They note that, before the orphans' court, Appellant admitted he did not obtain either child's consent and argued he was not required to do so. ***Id.*** at 4-5. This is

- 8 -

consistent with Appellant's verified answer to Lillian and Amy's petition, wherein Appellant averred:

> It is admitted that [Appellant] did not obtain consent or approval from Lillian or D.[] for [Appellant] to serve as Administrator. By way of further answer, it is specifically denied that [Appellant] was required to obtain consent or approval from Lillian or D.[] for him to serve as Administrator.

Answer and New Matter, 9/15/23, ¶ 1; *see also* Praecipe to Substitute Verification, 9/20/23 (Appellant's verification of his September 15, 2023, Answer and New Matter).

> The Pennsylvania Supreme Court has observed:
>
> As a general matter, it is axiomatic that issues not raised in lower courts are waived for purposes of appellate review, and they cannot be raised for the first time on appeal. Pa.R.A.P. 302(a). This is because, as [the Supreme] Court has oft reminded, "issue preservation is foundational to proper appellate review." *In re F.C. III*, … 2 A.3d 1201, 1211 ([Pa.] 2010). Requiring issues to be properly raised first in the trial court ensures that trial judges have the opportunity to consider a potential appellate issue and correct any error at the first available opportunity. *Id.* at 1212. It also promotes the orderly and efficient use of judicial resources, ensures fundamental fairness to the parties, and accounts for the expense attendant to appellate litigation. *Id.*

*Trigg v. Children's Hosp. of Pittsburgh of UPMC*, 229 A.3d 260, 269 (Pa. 2020).

Our review discloses Appellant never argued before the orphans' court that Lillian or D.[] had consented to his appointment as administrator.

Accordingly, we agree with Lillian and Amy that Appellant's issue is waived.

**See** Pa.R.A.P. 302(a).[2]

Even if not waived, Appellant's issue would merit no relief. Lillian and Amy argue the orphans' court correctly found that neither of Decedent's children gave consent:

> First, both Lillian and D.[] were minors at the time, so they were incapable of giving a legally binding consent, and Amy, their parent and natural guardian, was never asked to consent on their behalf.[3] Second, Lillian was "consulted" and "told" that [Appellant] was seeking to be appointed as Administrator, but there is no proof she ever consented. Third, even if the Court finds that "consultation" of Lillian rises to the level of consent by her, there is no evidence that D.[] ever consented, and the consent of both [children] was required before [Appellant] could be appointed as Administrator fewer than 30 days after [Decedent] died.

Lillian and Amy's Brief at 9 (emphasis omitted; footnote added).

_____

[2] We also note that Appellant's concise statement identifies four different issues, but not the sole issue he advances in his brief. **See** Concise Statement, 5/17/24, at 3-4. Ordinarily, "[a]ny issues not raised in a [Rule] 1925(b) statement will be deemed waived." **In re Estate of Rush**, 303 A.3d 491, 496 (Pa. Super. 2023) (citation omitted). However, as discussed **supra**, the orphans' court's Rule 1925(b) order did not trigger Appellant's obligation to comply with Rule 1925(b).

[3] In her testimony, Amy confirmed that, prior to Appellant's appointment, Appellant did not contact her "to discuss that he was going to be asking [that] he should be appointed as administrator," and did not "ask her to sign a renunciation on behalf of either Lillian or [D.]" N.T., 9/20/23, at 7. Amy further indicated that, to the best of her knowledge, Appellant did not "contact[] Lillian or [D.] to discuss [his intent to seek appointment] before he was appointed[.]" **Id.** Amy also confirmed she was not contacted by the Register prior to Appellant's appointment. **Id.**

In its Rule 1925(a) opinion, the orphans' court found the Register issued letters to Appellant without Lillian and D.'s consent. Orphans' Court Opinion, 7/22/24, at 4. The orphans' court set forth no detailed factual analysis supporting this finding, understandably so given that Appellant admitted he did not obtain consent and argued he did not need it. Nevertheless, our review discloses the record amply supports the orphans' court's finding. In his verified answer, Appellant admitted he did not obtain Lillian or D.'s consent.[4] **See** Answer and New Matter, 9/15/23, ¶ 1. Our review further discloses Lillian's testimony that she was "consulted" and "told" about Appellant's appointment does not establish her consent, and Amy confirmed she never

_____

[4] This Court has observed:

> Statements of fact by one party in pleadings, stipulations, testimony, and the like, made for that party's benefit, are termed judicial admissions and are binding on the party. Judicial admissions are deemed true and cannot be contradicted by the admitting party. If there is some support in the record for the truth of an averment, the trial court abuses its discretion if it disregards the admission. … Such admissions are considered conclusive in the cause of action in which they are made—and any appeals thereof …— and the opposing party need not offer further evidence to prove the fact admitted.

**Porter v. Toll Bros., Inc.**, 217 A.3d 337, 350 (Pa. Super. 2019) (citation omitted).

consented on behalf of either child. **See** N.T., 9/20/23, at 7, 13. Accordingly, Appellant's issue is without merit.[5]

Finally, we note that Lillian and Amy have filed in this Court an application for an award of counsel fees and costs under Pa.R.A.P. 2744. They argue the instant appeal is frivolous, obdurate, and vexatious, because Appellant advances an issue he failed to preserve under Pa.R.A.P. 302, and takes a position contrary to his admissions below. **See** Application, 10/3/24, at 10-12. Appellant filed no response to the application.

As a general rule, "parties to litigation are responsible for their own counsel fees and costs." **Werner v. Werner**, 149 A.3d 338, 346 (Pa. Super. 2016) (citation omitted). However,

> [p]ursuant to Pa.R.A.P. 2744, an appellate court may, it its discretion, award reasonable counsel fees against a party who has filed a frivolous appeal or whose behavior has been dilatory, obdurate or vexatious. In determining the propriety of such an award, we are ever guided by the principle that an appeal is not frivolous simply because it lacks merit. Rather, it must be found

---

[5] In addition to its finding that Lillian and D. did not consent to Appellant's appointment as required by Section 3155(c), the orphans' court found the Register abused its discretion in issuing letters to Appellant without **notice** to Lillian and D. **See** Orphans' Court Opinion, 7/22/24, at 3-4 (citing **Brockans v. Melnick**, 569 A.2d 1373 (Pa. Super. 1989)). Because we agree with the orphans' court's conclusion that Lillian and D. failed to consent to Appellant's appointment, we do not reach the notice aspect of Appellant's issue. We note, however, Appellant argued below that he was not required to provide notice to Lillian and D., **see** Appellant's Memorandum of Law, 10/11/23, at 3-4, and failed to deny Lillian and Amy's allegation that they "did not even know that [Appellant] was seeking appointment until after he obtained the letters." Petition to Revoke Letters, 8/25/23, ¶ 1; **see also** Answer and New Matter, 9/15/23, ¶ 1.

that the appeal has no basis in law or fact. This high standard is imposed in order to avoid discouraging litigants from bringing appeals for fear of being wrongfully sanctioned.

*Menna v. St. Agnes Med. Ctr.*, 690 A.2d 299, 304 (Pa. Super. 1997) (citations omitted).[6]

Though Appellant's issue is waived and lacks merit, we do not determine his appeal is frivolous or that his conduct is obdurate or vexatious. Appellant clearly failed comply with the procedural rules regarding the preservation of appealable issues, but we nevertheless decline to exercise our discretion to impose sanctions. Therefore, the application is denied.

Order affirmed.

_____

[6] Rule 2744 provides:

In addition to other costs allowable by general rule or Act of Assembly, an appellate court may award as further costs damages as may be just, including (1) a reasonable counsel fee and (2) damages for delay at the rate of 6% per annum in addition to legal interest, if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious. The appellate court may remand the case to the trial court to determine the amount of damages authorized by this rule.

Pa.R.A.P. 2744.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/9/2025